IN THE UNITED STATES DITRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ABINGDON

| | |
|---|---|
| FREDERICK HOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| RICHARD J. BOUDREAU & ASSOCIATES, LLC, ) | |
| DISCOVER BANK, and ) | Jury Trial Demanded |
| DB SERVICING CORPORATION, ) | |
| Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter referred to as "FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and the Plaintiff resides here.

### PARTIES

4. Plaintiff Frederick Holt (hereinafter "Plaintiff") is a natural person who resides in Russell County, Virginia, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Richard J. Boudreau & Associates, LLC, (hereinafter referred to as "Defendant Boudreau") is a "debt collector" as that term is defined by 15 U.S.C. §

1692a(6) and for-profit corporations and may be served through its registered agent, Richard J. Boudreau at 6 Manor Parkway, Salem, NH 03079.

6. Defendant Discover Bank, (hereinafter "Defendant Discover") is a national bank and issuer of consumer credit cards and is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4), and can be served at the following address: Discover Bank, Issuer of the Discover Card, c/o Registered Agent, Discover Bank, 100 West Market, P.O. Box C, Greenwood, DE 19950.

7. Defendant DB Servicing Corporation, (hereinafter "Defendant DB Servicing") is a debt servicing organization owned and operated by Defendant Discover and is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4), and can be served at the following address: Discover Bank, Issuer of the Discover Card, c/o Registered Agent, Discover Bank, 100 West Market, P.O. Box C, Greenwood, DE 19950.

8. Defendant Discover and Defendant DB Servicing retained the law offices of Defendant Boudreau to collect a consumer debt from Plaintiff. As such, Defendants Discover and DB Servicing are responsible under the doctrine of respondeat superior for the acts and omissions of Defendant Boudreau.

9. Defendant Bordereau, Defendant Discover and Defendant DB Servicing, may at times be referred to, collectively, as "the Defendants."

## FACTUAL ALLEGATIONS

10. Defendants Discover and DB Servicing have alleged in a prior State court lawsuit, that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt originally owed to, or serviced by Discover Bank, or their assignees (hereinafter "Discover Bank").

11. This prior lawsuit was filed on December 22, 2011 whereupon Defendants Discover and DB Servicing retained the law offices of Glasser and Glasser PC to file suit.

12. Plaintiff retained counsel to defend against that suit. Pleadings were ordered and the case was set for trial on April 3, 2012.

13. Counsel for Plaintiff appeared in the General District Court of Russell County on April 3, 2012 whereupon Defendants' Discover and DB Servicing were granted a voluntary dismissal, or non-suit, of the lawsuit.

14. Defendants Discover and DB Servicing subsequently retained the law offices of Defendant Boudreau to collect the same consumer debt from Plaintiff.

15. On November 8, 2012, Defendant Boudreau, as an agent of Defendants Discover and DB Servicing, sent Plaintiff a letter (attached as "Exhibit 1") with a copy of a "Warrant In Debt" (attached as "Exhibit 2").

16. Both of these documents were sent to Plaintiff in connection with the collection of a debt and in an attempt to collect a debt, and were both a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The November 8, 2012 letter stated that the Warrant In Debt had been filed in the Russell General District Court by Discover Bank. The letter stated that the matter had been placed on the court's docket for December 4, 2012 at 1:00 p.m. The letter further stated that "[t]o dispute this claim, you must appear on the return date for the judge to set another date for trial. If you do not appear, judgment may be entered against you."

18. The Warrant In Debt attached to this letter did not have a case number on it, however, Defendant Boudreau had written the date of "December 4, 2012 at 1:00 p.m." on the portion of the Warrant In Debt that summoned Plaintiff to appear in court on that date and time.

19. Plaintiff once again retained counsel to defend against this second lawsuit. Counsel appeared on December 4, 2012 at 1:00 p.m. to dispute the debt and have the case set for pleadings and trial. The case was not on the court's docket, and the clerk of court had no record of this second lawsuit, because the lawsuit had not in fact been filed, contrary to the assertions of the Defendants.

20. Defendants Discovery and DB Servicing, through their agent, Defendant Boudreau, subsequently filed this second lawsuit on December 5, 2012.

21. By sending the November 8, 2012 letter, which mislead Plaintiff into believing a lawsuit had been filed against him and to appear in court, Defendants made a false and misleading statement in an attempt to collect a debt in violation of 15 U.S.C. §§ 1692e and 1692e(10).

22. Further, this November 8, 2012 letter falsely represented of the legal status of the debt in violation of 15 U.S.C. § 1692e(3).

23. By sending the Warrant In Debt in conjunction with the November 8, 2012 letter, Defendants used and distributed a written communication which simulates or is falsely represented to be a document authorized, issued, or approved by a court, or creates a false impression as to its source, authorization or approval in violation of 15 U.S.C. § 1692e(9).

24. Further, the Warrant In Debt sent by Defendants to Plaintiff violated 15 U.S.C. § 1692e(13) by falsely representing or implying that the Warrant In Debt was legal process.

25. By falsely representing that a lawsuit had been filed against Plaintiff, Defendants used an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

26. Further, the November 8, 2012 letter did not have the validation notice required by the FDCPA in violation of 15 U.S.C. § 1692g(a)(4).

27. Plaintiff is informed and believes and, therefore, alleges that Defendants knowingly and intentionally engaged in harassing, abusive, false, misleading, unfair, deceptive, unconscionable and illegal debt collection practices with the intent to coerce payment from Plaintiff.

28. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

29. The Defendants failed to maintain (i.e., actually employ or implement) procedures to avoid making errors and violating the FDCPA prior to, or during, the collection of the alleged debt against Plaintiff.

### DAMAGES

30. Plaintiff contemplated filing bankruptcy as a result of the collection practices of Defendants and retained counsel to defend against a lawsuit that had not actually been filed.

31. Plaintiff has suffered actual damages as a result of these illegal communications, lawsuits and collection attempts by Defendants in the form of anger, anxiety, sever emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other emotions.

### RESPONDEAT SUPERIOR LIABILITY

32. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant Boudreau, as agent for Defendants Discover and DB Servicing, and who communicated with Plaintiff as described herein, were committed within the time and space limits of their agency relationship with their principals, Defendants Discover and DB Servicing.

33. The acts and omissions by Defendant Boudreau were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendants Discover and DB Servicing in collecting consumer debts.

34. By committing these acts and omissions against Plaintiff, Defendant Boudreau was motivated to benefit their principals, Defendants Discover and DB Servicing.

35. Defendants Discover and DB Servicing are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendants Discover and DB Servicing, including, but not limited to the above cited violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

### DEMAND FOR TRIAL BY JURY

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692 et seq.

37. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

39. As a result of Defendants' multiple violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;
- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper.

Respectfully submitted,

FREDERICK HOLT
/s/Brandon Snodgrass, Esq.
Virginia State Bar ID # 47894
Attorney for Plaintiff
P. O. Box 1417
Abingdon, VA 24212
(276) 676-2660
bsnodgrass@snodgrasslawfirm.com

/s/Matthew L. Felty, Esq.
Virginia State Bar ID # 74873
Attorney for Plaintiff
P. O. Box 1417
Abingdon, VA 24212
(276) 676-2660
mfelty@snodgrasslawfirm.com